UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 14-CR-10230-NMG |
| ) | |
| LAWRENCE J. COSTELLO, ) | |
| Defendant. ) | |

### PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS
### IN PARTIAL SATISFACTION OF MONEY JUDGMENT

**GORTON, D.J.**

WHEREAS, on July 31, 2014, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging defendant Lawrence J. Costello (the "Defendant"), with Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) (Count One);

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Indictment, of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense;

WHEREAS, the forfeiture allegation of the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 28 U.S.C. § 2461(c), incorporating 18 U.S.C. § 853(p);

WHEREAS, on March 30, 2016, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Indictment, pursuant to a written plea agreement that he signed on March 30, 2016;

WHEREAS, in Section 7 of the plea agreement, the Defendant agreed to forfeit to the United States $17,687.40 in United States currency on the grounds that such amount constitutes, or is derived from, proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant agreed to consent to the entry of an order of forfeiture for such property, including the entry of an order of forfeiture for a money judgment in the amount of $17,687.40 in United States currency;

WHEREAS, on June 27, 2014, during the criminal investigation, $863.00 in United States currency was seized from the Defendant by law enforcement;

WHEREAS, on May 4, 2016, the Defendant filed a Motion to Apply Funds Seized from Defendant to Order of Forfeiture, to apply the $863.00 toward the partial satisfaction of the Order of Forfeiture (Money Judgment);

WHEREAS, on May 26, 2016, this Court issued an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant in the amount of $17,687.40 in United States currency (the "Money Judgment"), and endorsed the Defendant's Motion to Apply Funds Seized from Defendant to Order of Forfeiture;

WHEREAS, in addition, in the Order of Forfeiture (Money Judgment), this Court decreed that the United States was entitled to amend its Order of Forfeiture (Money Judgment) at any time to include substitute property having a value not to exceed that of the Money Judgment, in whole or in part;

WHEREAS, the United States has identified certain other forfeitable property in connection with this criminal case, and hereby seeks a Preliminary Order of Forfeiture in Partial Satisfaction of Money Judgment against that asset;

WHEREAS, the forfeitable property is described as:

a. $863.00 in United States currency, seized from the Defendant on June 27, 2014; (the "Currency");

WHEREAS, pursuant to the Court's May 26, 2016, Order of Forfeiture (Money Judgment) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture in Partial Satisfaction of Money Judgment for the Currency;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. Pursuant to the Court's May 26, 2016, Order of Forfeiture (Money Judgment) and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the Court finds that the Currency is hereby forfeited to the United States of America for disposition pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p).

2. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Currency, and maintain them in its secure custody and control.

3. Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(1), and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture in Partial Satisfaction of Money Judgment and notice of the United States' intent to dispose of the Currency.

4. Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Currency to be forfeited.

5. Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Currency, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Currency, any additional facts supporting the petitioner's claim, and the relief sought.

6. Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Currency.

7. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
United States District Judge

Dated: 6/21/16

4